### THE AMERICANA.

#### (District Court, N. D. California, First Division. October 14, 1915.)

#### No. 15740.

SHIPPING &#8658;209(1)—LIMITATION OF LIABILITY—SURRENDER OF VESSEL.

 A shipowner, on his petition for limitation of liability, is entitled to a stay of proceedings in other courts only on a transfer of the vessel as she was at the end of the voyage on which the liability accrued, or the furnishing of a stipulation for her value at that time. A transfer or stipulation for her value after her loss on a subsequent voyage is not sufficient.

 [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 650, 654, 659; Dec. Dig. &#8658;209(1).]

In Admiralty. In the matter of the petition of the Pacific Shipping Company, owner of the schooner Americana, for limitations of liability. On petition by Louis Buttner for an order for appraisement of the vessel. Granted.

Denson, Cooley & Denson, of San Francisco, Cal., for petitioner.
H. W. Hutton, of San Francisco, Cal., for Louis Buttner.

DOOLING, District Judge. On November 30, 1914, the Pacific Shipping Company, as owner of the schooner Americana, filed in this court its petition for limitation of liability accruing to any one upon a voyage of said Americana begun at the port of San Francisco on January 26, 1913. The petition avers that on that date the Americana left San Francisco, bound on a voyage therefrom to Sydney, Australia, via Knappton, Wash., and to return to San Francisco via one or more ports as the master might direct; that she proceeded to Knappton, and thereafter continued on her voyage to Sydney, and was lost at sea, with all hands on board, between the ports of Knappton and Sydney;

that her value does not exceed $1, and has not exceeded that value since she foundered, and that such foundering, and the loss, damage, and injury so occasioned was incurred without privity or knowledge of the petitioner, and without any fault or negligence on its part; that nevertheless certain claims have been made against petitioner for losses and injuries occurring during the said voyage, and particularly that one Louis Buttner was employed as a seaman on the Americana for said voyage to Sydney and return, via Knappton, and that without negligence on the part of the ship he was injured on the high seas, and as the result of such injury he was compelled to have his left arm amputated near the elbow; that he brought an action against petitioner in the superior court of the state of California, and recovered therein a judgment against petitioner for $5,000 and costs, and that the same has not been paid; that thereafter he brought an action in this court against the stockholders of petitioner for the sum of $25,-000 for the same injury.

After the filing of this petition, and on September 23, 1915, petitioner made a transfer, to a trustee appointed by this court, of "all and singular the interest of said petitioner in said vessel Americana, her tackle, apparel, and furniture, and in the freight of said vessel for the voyage on which the said vessel was lost," as provided for in section 4285, R. S. (Comp. St. 1913, § 8023), and admiralty rule 54 (29 Sup. Ct. xiv).

Louis Buttner now applies to the court for an order directing the appraisement of the Americana as she was upon her arrival at Knappton, and requiring petitioner to give a stipulation herein for the amount of such appraisement, on the grounds that the voyage from San Francisco was not to Sydney, but to Knappton; that he did not ship for a voyage to Sydney, but only for the voyage to Knappton; and that the voyage upon which he shipped ended at Knappton, and as he was injured before reaching Knappton, the liability of petitioner as to him can be limited only to the value of the Americana upon her arrival at Knappton. This motion is supported by his verified answer, by his own affidavit, and by the affidavit of W. R. Reith, to the effect that the crew of the Americana, including Buttner, signed shipping articles at San Francisco in the cabin of the vessel before the master, the voyage described in said articles being from San Francisco to Knappton, and that there was nothing therein about Sydney; that all the crew left the vessel at Knappton, and an entire new crew, including the master and officers, was shipped at Knappton. A certificate of the shipping commissioner at San Francisco shows that according to the records of his office the crew of the Americana arriving at San Francisco from Newcastle, Australia, was paid off before him on January 6, 1913, and there is no record of said vessel having shipped another crew before him during the month of January, 1913. No countershowing was made by petitioner.

The petitioner is entitled to have its liability limited only upon the condition that it transfer its interest in the vessel, or give a stipulation, under rule 54, for the value of its interest in the vessel, and her freight for the voyage. This means the voyage upon which the liability ac-

crued. The effect of the proceedings to limit liability is to halt all claimants against the vessel or its owner in every other tribunal except the one in which such proceedings are pending. But this is true only when the petitioner shall have transferred the vessel as she was at the end of the voyage on which the liability accrued, or in lieu of such transfer shall have furnished a stipulation for the amount of her value at the end of such voyage, to be ascertained by a due appraisement caused to be made by the court. It cannot be that the mere averment in the petition here that the voyage begun in San Francisco was a voyage to Sydney can preclude the court from securing the claimant Buttner by something better than the transfer of petitioner's interest in a vessel alleged to be worth $1, if, as contended by him, the voyage was from San Francisco to Knappton only; and where the proofs offered by him all tend to show that the voyage upon which he was injured ended at Knappton, and that the ship thereafter entered upon a new voyage, upon which she was lost, and no showing is made to the contrary, other than by the averments of the petition, the court will not halt his efforts to satisfy a judgment already obtained by him for an injury received between San Francisco and Knappton, for the sole reason that petitioner has transferred to a trustee all its interest in a vessel lying at the bottom of the sea, the value of which does not exceed $1. The giving of a stipulation will not preclude petitioner from proving, if it can, that the voyage was really from San Francisco to Sydney; but it will protect Buttner, if it be determined that the voyage ended at Knappton.

The petition will therefore be granted, and an appraisement ordered of the value of the Americana as she was when she reached Knappton, and a stipulation for such value will be required of petitioner, and until such stipulation shall have been filed the restraining order made by this court on September 23, 1915, is hereby suspended.